IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| A.F. of L-A.G.C. BUILDING TRADES PENSION & WELFARE PLANS, J.E. STOKELEY, ANDREW JOINER, WENDALL McABEE, LARRY FINCHER, CHARLES LOFTIN, and GORDON PARMER, as Trustees of the Plans, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CIVIL ACTION NO. 03-0769-P-D |
| W.E. DAVIS & SONS CONSTRUCTION COMPANY, INC., | ) ) ) | |
| Defendant. | ) | |

ORDER IMPOSING SANCTION

Pending before this court in this action brought under the Employees Retirement Income Security Act of 1974, 29 U.S.C. § 1132 and § 1145, is Plaintiffs' Motion For Sanctions filed on October 19, 2005 (doc.25), and Defendant's Request That Court Not Enter Sanctions Against It (doc.28), with a Motion of Defense Counsel to File Response Outside of Deadline (doc.29). After consideration thereof, and the record as a whole, this court finds that Plaintiff's Motion For Sanctions (doc.25) is GRANTED, and defendant's Motion of Defense Counsel to File Response Outside of Deadline (doc.29), is GRANTED.

On November 12, 2003, plaintiffs filed this action seeking to collect delinquent contributions to A.F. of L-A.G.C. Building Trades Pension and Welfare Plans (the "Plans") (doc.1).

On December 11, 2003, J. Charles Wilson, Esq., filed a Notice of Appearance on behalf of defendant (doc.4).  Mr. Wilson has represented defendant throughout this litigation.

The Rule 16(b) Scheduling Conference was set to be conducted on March 8, 2004 (doc.8). On March 8, 2004, plaintiff's counsel Kimberly Calametti Walker appeared, Mr. Wilson did not.  The Conference was continued to be conducted on March 16, 2004 (doc.10).

On March 16, 2004, counsel appeared and advised the court that they were negotiating a consent judgment.  In light thereof, this court stayed the discovery schedule for three weeks and scheduled a status conference for April 6, 2004 (doc.11).  The Status Conference was subsequently rescheduled by the court for April 13, 2004 (doc.13).  On April 13, 2004, counsel reported that their negotiations were ongoing.  They requested another week within which to negotiate.  A further conference was scheduled to take place on April 22, 2004 (doc.14).

On April 21, 2004, the parties filed a Joint Motion For Entry of Consent Judgment (doc.15). The Motion set forth specific admissions by defendant of the amounts owed to plaintiffs' Plans in the total amount of $15,617.68.  The Motion is co-signed by Ms. Walker, and Mr. Wilson.  Id.  The underlying Agreement is signed by party representatives of plaintiffs and defendant.  The Promissory Note is signed by William E. Davis on behalf of defendant.  Id.

On April 22, 2004, counsel appeared before this court and presented their proposed Consent Judgment.  At that time, plaintiffs' counsel included an express waiver of any request for attorney's fees in connection with the Consent Judgment (doc.16).  Judgment was entered.  Id.

2

On March 29, 2005, plaintiffs filed Notice of Service of Discovery upon defendant, service of interrogatories and a request for production of documents pursuant to Rule 33, and Rule 34 of the Federal Rules of Civil Procedure in aid of execution of Judgment (doc.17; see doc.18, Exhibit 1).  The Certificate of Service reflects that copies of the discovery request were sent to Mr. Wilson and defendant (doc.18, Exhibit 1).

On July 26, 2005, plaintiffs filed the subject Motion to Compel (doc.18).  The Motion reflects that in May, 2005, Mr. Wilson's office contacted Ms. Walker and stated that responses to the interrogatories would be filed.  With no response forthcoming thereafter, Ms. Walker sent correspondence to Mr. Wilson, dated July 20, 2005, in an attempt to resolve any discovery disputes (doc.18, Exhibit 2).  Mr. Wilson did not respond.  On July 25, 2005, Ms. Walker attempted to contact Mr. Wilson by telephone, a message was left for him.  No response was forthcoming.  Plaintiffs' then filed their Motion to Compel seeking defendant's response to their discovery request.  Id.

On August 1, 2004, this court noted the Motion to Compel, and set August 12, 2005, as the deadline for any response thereto (doc.19).  Mr. Wilson did not respond.

On August 16, 2005, this court granted plaintiffs' Motion to Compel and Ordered defendant to file responses to plaintiffs' discovery request on or before August 31, 2005, or appear in Chambers on September 1, 2005, at 11:00 a.m., to show cause for the failure to do so (doc.20).  The Order also warned that the "court will consider the imposition of sanctions, including but not limited to plaintiffs' attorney's fees and costs, upon defendant and defendant's counsel should defendant fail to timely respond."  Id.  Mr. Wilson did not respond.

Due to the arrival of Hurricane Katrina to this geographic area on August 29, 2005, and its

damaging impact, the show cause hearing was continued and reset for October 6, 2005 (doc.21).

On October 5, 2005, plaintiffs filed a Motion For Continuance of Hearing (doc.22).  For cause, plaintiffs stated that defendant responded to plaintiffs' interrogatories served in aid of execution of the Consent Judgment, at approximately 4:00 p.m., on October 5, 2005.  Plaintiffs requested a continuance rather than a cancellation of the hearing, in the event that following a review, the proffered responses were found not to satisfy plaintiffs' discovery requests.  Plaintiffs further sought to reserve their rights to compel any additional discovery in aid of execution of Judgment and to pursue sanctions against defendant for its failure to timely respond.  Id.  Plaintiffs' Motion was granted (doc.23).

On October 19, 2005, plaintiffs filed a second Notice of Filing Discovery (doc.24).  The Notice included a Notice of Deposition of W.E. Davis.  Id.  Plaintiff's also filed the subject Motion For Sanctions (doc.25).

On October 20, 2005, this court noted the Motion For Sanctions and set Wednesday, November 2, 2005, as a response date (doc.26).  This court also indicated that "[f]ailure to filed a timely response... could result in the Motion being granted."  Id.

On Monday, November 7, 2005, five days beyond the deadline set by this court, Mr. Wilson filed defendant's Request That Court Not Enter Sanctions Against It (doc.28), with his Motion of Defense Counsel to File Response Outside of Deadline (doc.29).

On November 10, 2005, plaintiffs filed a Notice of Filing Discovery including an Amended Notice of Deposition of W.E. Davis (doc.30).

Plaintiffs' Motion For Sanctions

Plaintiffs seek sanctions against defendant pursuant to Rule 37(a)(4)(A) of the Federal Rules of

Civil Procedure for the inordinate delay in responding to plaintiffs' discovery request and for causing plaintiffs to compel discovery resulting in unnecessary expenses (doc.25).  In support thereof, plaintiffs state that "although defendant finally responded..., the responses were delayed for over five (5) months and [were] only made after plaintiffs moved to compel the discovery, and after this Court issued a Show Cause Order."  Id., referring to doc.20.  Plaintiffs further state:

> Sanctions are particularly warranted in this case as both of the plaintiffs are multi-employer Taft-Hartley benefit plans whose trustees have a fiduciary duty to pursue contributions from delinquent employers, like the defendant, and collect the contributions for the benefit of the participants and beneficiaries of the plans.  The use of plan money to pursue these collection actions, although permissible under the terms of the plans and ERISA, is still a drain on the plans['] assets which must be used for the sole benefit of the participants and beneficiaries to provide welfare and pension benefits.  This is one of the reasons that ERISA actions, like the underlying claims in this case, provide for the mandatory award of attorneys fees.  The same should be true in this situation where the plaintiffs were forced to compel discovery.

Id., ¶4.

Plaintiffs proffered an itemized statement identifying the amount of time incurred in pursuing the Motion to Compel, from July 20, 2005, through October 15, 2005.  Id., Exhibit 1.  Ms. Walker testified that plaintiffs have incurred $737.50 in attorney's fees in pursuing the Motion to Compel (5.9 hours have been expended on the Motion to Compel and that she has been retained by plaintiffs at the hourly rate of $125.00 (5.9 hrs. x $125.00 = $737.50).  Id., Exhibit 2- Affidavit of Kimberly Calametti Walker dated October 19, 2005).

In opposition to the imposition of sanctions, Mr. Wilson argues that defendant is a closely-held corporation of which William E. Davis, Jr., is President and majority shareholder (doc.28).  Mr. Davis has experienced significant health problems, including blindness over the past several years, his business has failed, and he has filed for personal bankruptcy protection.  *Re: William E. Davis, Debtor*, 05-

*17193 (S.D.Ala.).*[1]  Id.  Defendant contends that it agreed to the Consent Judgment and has not

intentionally delayed discovery responses, it was simply Mr. Davis' health problems which made

responding significantly difficult.  Id.

Under Rule 37,

If a party fails to make a disclosure required by Rule 26(a), any other party may
move to compel disclosure and for appropriate sanctions...

* * *

If the motion is granted or if the disclosure or requested discovery is provided
after the motion was filed, ***the court shall***, after affording an opportunity to be heard,
require the party... whose conduct necessitated the motion or the party or attorney
advising such conduct or both of them to pay to the moving party the reasonable
expenses incurred in making the motion, including attorney's fees, unless the court finds
that the motion was filed without the movant's first making a good faith effort to obtain
the disclosure or discovery without court action, or that the opposing party's
nondisclosure, response, or objection was substantially justified, or that other
circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(2)(A) and (4)(A); <u>Devaney v. Continental American Insurance Co.</u>, 989 F.2d

1154, 1159 (11th Cir. 1993); <u>Merritt v. International Brotherhood of Boilermakers</u>, 649 F.2d 1013,

1017, n.9, 1019 (5th Cir. 1981)[2]; <u>Gober v. City of Leesburg</u>, 197 F.R.D. 519, 521-22 (M.D.Fla.

(Nov. 8, 2000)).  Rule 37 "was designed to protect courts and opposing parties from delaying or

harassing tactics duringdiscovery process."  <u>Cunningham v. Hamilton County, Ohio</u>, ___ U.S. ___, 119

---

[1]  The Docket Sheet of the U.S. Bankruptcy Court for the Southern District of Alabama, for Petition #05-
17193, reflects that William E. Davis filed for Chapter 7 Bankruptcy protection on October 16, 2005 (doc.1).  Mr.
Wilson is counsel of record.  On November 1, 2005, Mr. Davis' Application to Pay Filing Fees In Installments was
granted (doc.4).  Mr. Davis has been Ordered to appear on December 20, 2005, to show cause for his failure to pay
the required filing fee (doc.9).

[2]  In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit
adopted as binding precedent all of the decisions of the former Court of Appeals for the Fifth Circuit decided prior to
October 1, 1981.

SCt. 1915, 1922 (1999).  The court has wide discretion in determining whether sanctions should be imposed.  National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976); United States v. Ansley, 2005 WL 2219384, *2 (M.D.Fla. (Sept. 12, 2005)); see Neufeld v. Neufeld, 169 F.R.D. 289, 290 (S.D.N.Y. (Nov. 14, 1996)) (addressing Rule 37(d)); Resolution Trust Corporation v. Williams, 165 F.R.D. 639, 643 (D.Kan. (Mar. 28, 1996)) (addressing Rule 37(b)). However, Rule 37 "mandate[s] that expenses be awarded unless the conduct of the losing party or person is found to have been substantially justified."  Fed.R.Civ.P. 37(a)(4); Devaney, 989 F.2d at 1159; Merritt, 649 F.2d at 1015.

Herein, this court finds that the undisputed facts demonstrate that plaintiffs made a good faith effort to obtain defendant's responses to their interrogatories before filing the Motion to Compel.  In July 2005, plaintiffs twice tried to facilitate defendant's responses, unsuccessfully.

With regard to whether the delayed response by defendant was "substantially justified," the United States Supreme Court has instructed that under Rule 37, an individual's discovery conduct should be found substantially justified, "if it is a response to a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action."  Devaney, 989 F.2d at 1163 (quoting Pierce v. Underwood, 487 U.S. 552, 565,... (1988)).  In his response to plaintiffs' Motion For Sanctions, Mr. Wilson points his finger at his client's physical decline and financial difficulties.  Mr. Wilson does not defend his own failure to notify plaintiffs' counsel or the court of his client's difficulties which allegedly impeded any response to plaintiffs' discovery requests.  Mr. Wilson never filed for an extension of time within which to respond, nor did he file for a protective order.  Further, Mr. Wilson failed to comply with this court's August 16, 2005 Order to respond to plaintiffs' discovery request on

or before August 31, 2005.  Mr. Wilson did not respond until the day before he was to appear before

this court to show cause for his failure to do so, approximately five months after plaintiffs made their

discovery request.  This court finds that Mr. Wilson's failure to timely respond was not substantially

justified.

> An award of attorney's fees under Rule 37 implicates interests protected by the
> Due Process Clause of the Fifth Amendment.  Roadway Express, Inc., v. Piper, 447
> U.S. 752, 767,... (1980) (Like other sanctions, attorney's fees should not be assessed
> lightly or without fair notice and an opportunity for a hearing on the record); Carlucci v.
> Piper Aircraft Corp., 775 F.2d 1440 (11th Cir. 1985).  Assessment of costs and attorney's
> fees is, however, one of the lesser sanctions contemplated by the Federal Rules, see
> Navarro v. Cohan, 856 F.2d 141, 142 (11th Cir. 1988) (Rule 37), Donaldson v. Clark, 819
> F.2d 1551, 1557-1561 (11th Cir. 1987) (Rule 11), and it presents a lesser due process
> concern than, for example, outright dismissal of an action.  Roadway Express, 447 U.S.
> at 767, n.14...; and see Donaldson, 819 F.2d at 1561 (The more serious the possible
> sanction both in absolute size and in relation to actual expenditures, the more process that
> will be due).

Devaney, 989 F.2d at 1159.  "A Rule 37 motion for sanctions, even one which names only a party,

places both that party and its attorney on notice that the court may assess sanctions against either or

both..." Id. at 1160.

Herein, plaintiffs' Motion For Sanctions names defendant, only.  Even so, this court finds that

the motion itself is sufficient to satisfy the necessary notice requirements of the Due Process Clause as

to Mr. Wilson.  Any uncertainty Mr. Wilson may have had about the possibility of personal liability for

the failure to respond had to have been clarified by this court's August 15, 2005 Order which

forewarned that the "court will consider the imposition of sanctions, including but not limited to

plaintiffs' attorney's fees and costs, upon defendant and defendant's counsel should defendant fail to

timely respond" (doc.20).  Moreover, this court's October 20, 2005 Order noted plaintiffs' Motion

For Sanctions and forewarned defendant that "failure to file[] a timely response... could result in the

Motion being granted" (doc.26).  As noted, Mr. Wilson did not respond.  This court finds that the record contains ample evidence that Mr. Wilson was aware or should have been aware that his conduct would result in a Rule 37 sanction.

With regard to a hearing, the due process requirements for the imposition of sanctions "are flexible, and depend on the nature of the sanctions imposed."  Medical Billing, Inc. v. Medical Management Sciences, Inc., 169 F.R.D. 325, 330 (N.D.Ohio (July 22, 1996)); see Neufeld, 169 F.R.D. at 290.  Evidentiary hearings "are required only if there are contested factual issues."  Medical Billing, 169 F.R.D. at 330.

> "The adequacy of... [a] hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct."  Link v. Wabash R. Co., 370 U.S. 626,632,... (1962) (upholding dismissal of an action without notice or a hearing for attorney's failure to prosecute); accord Carlucci, 775 F.2d at 1452."

Devaney, 989 F.2d at 1161.  Although a hearing may be required when a court imposes sanctions under its inherent powers alone, "a hearing is not required for sanctions imposed,... under Fed.R.Civ.P... 37..."  Roadway Express, 447 U.S. at 764, 767 (1980); Medical Billing, 169 F.R.D. at 329.

Herein, plaintiff's' Motion For Sanctions was filed pursuant to Rule 37, and the facts are not in dispute.  Plaintiffs' Motion to Compel was granted.  Mr. Wilson failed to timely respond and this court has found herein that his failure to  do so lacks substantial justification.  Thus, under Rule 37, a hearing is not required, and an award of attorney's fees to plaintiffs is mandatory.  Roadway Express, U.S. at 764, 767, and Merritt, 649 F.2d at 1019.

Plaintiffs request $737.50 in attorney's fees for the 5.9 hours expended in pursuing the Motion

to Compel.  Mr. Wilson does not contest the amount of the attorney's fees requested, he merely opposes the imposition of a sanction.  This court finds that the amount requested calculated at a more than reasonable hourly rate is an appropriate sanction for defendant's failure to respond to plaintiffs' discovery requests in a timely manner causing plaintiff to have to compel a response.  Rhein Medical, Inc. v. Koehler, 889 F.Supp. 1511, 1518 (M.D.Fla. (Jun. 19, 1995)) (ruling entitlement to reasonable attorney's fees and expenses for failure to respond for more than one month).  Therefore, plaintiffs' Motion For Sanctions is GRANTED.

Defendant's Motion of Defense Counsel to File Response Outside of Deadline

As noted, with the opposition to sanctions, Mr. Wilson also filed a Motion to file his response outside the deadline (doc.29).  Defendant's response to plaintiff's request for sanctions was to be filed on or before Wednesday, November 2, 2005 (doc.26).  Mr. Wilson did not file defendant's Response until Monday, November 7, 2005 (doc.28), five days late.  For cause, Mr. Wilson cites a calendaring error, and extends his apologies to the court (doc.29).

This court finds that Mr. Wilson has failed to establish good cause for his failure to timely respond to plaintiffs' Motion For Sanctions.  However, insofar as this court herein considered and addressed his Request That Court Not Enter Sanctions Against It, Mr. Wilson's Motion to file the Response Outside of Deadline is hereby GRANTED.

The Sanction

Plaintiffs request $737.50 in attorney's fees and this court has found that the uncontested requested fee is reasonable.  The issue is whether defendant alone, counsel alone, or defendant and his counsel together shall bear the burden.  Both bear a measure of responsibility for the imposition of the

sanction, although cause has been asserted on behalf of defendant.

Mr. Wilson does not assert any particular acrimony in his relationship with his client which could have impeded a response to plaintiffs' discovery request.  Mr. Wilson merely relies upon hat his client's difficulties.  Mr. Wilson makes no apology to plaintiff or the court for the delayed discovery response.  Mr. Wilson's conduct has unnecessarily consumed a considerable amount of court time and judicial resources.  As an attorney admitted to practice in this court, Mr. Wilson knew or should have known that his failure to respond in any manner to plaintiff's Motion to Compel would result in sanctions.  Therefore, this court finds that Mr. Wilson will bear the burden of the sanction, exclusively, Ansley, 2005 WL 2219384 at *2, and shall remit to plaintiffs' counsel the requested attorney's fees within thirty days.

Accordingly, it is ORDERED that Plaintiffs' Motion For Sanctions (doc.25), be and is hereby GRANTED.  It is further ORDERED that defendant's Motion of Defense Counsel to File Response Outside of Deadline (doc.29), be and is hereby GRANTED.

It is ORDERED that on or before Wednesday, January 11, 2006, J. Charles Wilson, Esq., shall remit $737.50 in attorney's fees to plaintiff's counsel Kimberly Calametti Walker, Gardner, Middlebrooks, Fleming, Gibbons & Kittrell, P.C. P.O., Drawer 3103, Mobile, Alabama 36652.

DONE this 12th day of December, 2005.

    S/Virgil Pittman
    SENIOR UNITED STATES DISTRICT JUDGE